### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER FISHER, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ATLANTIC RECOVERY SOLUTIONS LLC; CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC, | |
| Defendant(s). | |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

JENNIFER FISHER
547 Great Beds Court
Perth Amboy, New Jersey 08861

ATLANTIC RECOVERY SOLUTIONS LLC
33 Dodge Road, Suite 108
Getzville, New York 14068

CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC
111 Great Neck Road, Suite 506
Great Neck, New York 11021

### PRELIMINARY STATEMENT

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, ATLANTIC RECOVERY SOLUTIONS LLC ("ATLANTIC RECOVERY"); CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC ("CUZCO CAPITAL")  and JOHN DOES 1-25 their employees, agents and successors

(collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Middlesex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      ATLANTIC RECOVERY maintains a location at 33 Dodge Road, Suite 108, Getzville, New York 14068.

8.      CUZCO CAPITAL maintains a location at 111 Great Neck Road, Suite 506, Great Neck, New York 11021.

9.      ATLANTIC RECOVERY uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     CUZCO CAPITAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11.     ATLANTIC RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     CUZCO CAPITAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who ATLANTIC RECOVERY collected or attempted to collect a debt from, which was owned by CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC ("CUZCO CAPITAL").
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

      a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

      b.  <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

           i.   Whether the Defendants violated various provisions of the FDCPA as set forth herein:

           ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

           iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

           iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

      c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

      d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.     At some time prior to January 20, 2022, Plaintiff allegedly incurred a financial obligation to CONTINENTAL FINANCE COMPANY, LLC/SURGE MASTERCARD ("SURGE MASTERCARD").

22.     The SURGE MASTERCARD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.     Plaintiff incurred the SURGE MASTERCARD obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24.     The SURGE MASTERCARD obligation did not arise out of a transaction that was for non-personal use.

25.     The SURGE MASTERCARD obligation did not arise out of a transaction that was for business use.

26.     The SURGE MASTERCARD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     SURGE MASTERCARD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28.     At some time prior to January 20, 2022, the SURGE MASTERCARD obligation was allegedly purchased by and/or sold to CUZCO CAPITAL.

29.     At the time the SURGE MASTERCARD obligation was allegedly purchased by and/or sold to CUZCO CAPITAL, the obligation was in default.

30.     The principal purpose of CUZCO CAPITAL is the collection of debts which are in default at the time it purchases the debts.

31.     CUZCO CAPITAL did not obtain a license from the New Jersey Department of Banking and Insurance prior to making attempts to collect the obligation as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

32.     On or before January 20, 2022, CUZCO CAPITAL, directly or through an agent, referred the SURGE MASTERCARD obligation to ATLANTIC RECOVERY for the purpose of collections.

33.     At the time the SURGE MASTERCARD obligation was referred to ATLANTIC RECOVERY the SURGE MASTERCARD obligation was past due.

34.     At the time the SURGE MASTERCARD obligation was referred to ATLANTIC RECOVERY, the SURGE MASTERCARD obligation was in default.

35.     In an attempt to collect on the SURGE MASTERCARD obligation, Defendants caused to be delivered to Plaintiff a letter dated January 20, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

36.     CUZCO CAPITAL did not obtain a license from the New Jersey Department of Banking and Insurance prior to authorizing and/or causing ATLANTIC RECOVERY to send its January 20, 2022 letter as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

37.     The January 20, 2022 letter was sent to Plaintiff in connection with the collection of the SURGE MASTERCARD obligation.

38.     The January 20, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.     Upon receipt, Plaintiff read the January 20, 2022 letter.

40.     The January 20, 2022 letter provides the following information regarding the balance claimed due on the SURGE MASTERCARD obligation:

Outstanding Balance:  $889.89

41.     The outstanding balance claimed to be due by Defendants on the SURGE MASTERCARD obligation as of January 20, 2022, included an amount for interest, fees and/or other charges.

42.     At all times relevant herein, CUZCO CAPITAL derived income from sources within New Jersey.

43.     At all times relevant herein, CUZCO CAPITAL transacted business in New Jersey.

44.     CUZCO CAPITAL is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

45.     CUZCO CAPITAL is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

46.     CUZCO CAPITAL is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

47.     The SURGE MASTERCARD obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

48.     Alternatively, the SURGE MASTERCARD obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

49.     CUZCO CAPITAL engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

50.     CUZCO CAPITAL engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

51.     At all times relevant to this matter, CUZCO CAPITAL did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

52.     At all times relevant to this matter, CUZCO CAPITAL did not obtain a license issued by the New Jersey Department of Banking and Insurance.

53.     At all times relevant to this matter, CUZCO CAPITAL did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

54.     At no time was ATLANTIC RECOVERY authorized to collect the SURGE MASTERCARD obligation.

55.     At no time was CUZCO CAPITAL authorized to collect the SURGE MASTERCARD obligation.

56.     As CUZCO CAPITAL did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the SURGE MASTERCARD obligation.

57.     As CUZCO CAPITAL did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, it was prohibited from attempting to collect on the SURGE MASTERCARD obligation.

58.     As CUZCO CAPITAL did not obtain or possess the appropriate license(s) at all times prior to January 20, 2022, ATLANTIC RECOVERY was prohibited from attempting to collect on the SURGE MASTERCARD obligation.

59.     As CUZCO CAPITAL did not obtain or possess the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to January 20, 2022,

ATLANTIC RECOVERY was prohibited from attempting to collect on the SURGE MASTERCARD obligation.

60.     ATLANTIC RECOVERY knew or should have known that its actions violated the FDCPA.

61.     CUZCO CAPITAL knew or should have known that its actions violated the FDCPA.

62.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

63.     It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

  (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

  (d)     Making a false representation of the character or amount of the debt.

64.     Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of CUZCO CAPITAL.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

65.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

66.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

67.     Defendant's communication would cause the least sophisticated consumer to be confused about his or her rights.

68.     Defendant's communication would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

69.     Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

70.     Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

71.     Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

72.     Defendant's communication would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that CUZCO CAPITAL had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

73.     A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

74.     Defendants' attempt to collect the alleged debt without first obtaining the license(s) and/or registrations necessary under New Jersey law  violated various provisions of the FDCPA

including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq.*

75.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

76.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

77.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

78.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the SURGE MASTERCARD obligation included an amount for interest and an amount for costs and/or fees.

79.    15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

80.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

81.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

82.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the SURGE MASTERCARD obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

83.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were not registered with or authorized to do business in New Jersey.

84.     As described herein, Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA.

85.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

86.     Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

87.     As described herein, Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA.

88.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

89.     Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

90.     As described herein, Defendant violated 15 U.S.C. § 1692e(11) of the FDCPA.

91.     Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

92.     Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

93.     Defendant CUZCO CAPITAL is vicariously liable for any violations of the FDCPA that ATLANTIC RECOVERY committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

94.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

95.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

96.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

97.     Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

98.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

99.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 27, 2022                              Respectfully submitted,

                                            By:       *s/ Joseph K. Jones*
                                                      Joseph K. Jones, Esq. (JJ5509)
                                                      JONES, WOLF& KAPASI, LLC
                                                      375 Passaic Avenue
                                                      Fairfield, New Jersey 07004
                                                      Phone: (973) 227-5900
                                                      Fax: (973) 244-0019
                                                      Attorneys for Plaintiff


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: February 27, 2022

                                                      *s/ Joseph K. Jones*
                                                      Joseph K. Jones, Esq. (JJ5509)
                                                      JONES, WOLF& KAPASI, LLC

# EXHIBIT

# A


**ATLANTIC RECOVERY SOLUTIONS**

**PO Box 156**
**East Amherst, NY 14051**
**1-866-783-0237**

01/20/2022

**Jennifer Fisher**
███████████████████████

| | |
|---|---|
| **Original Account Number:** | ██████████ |
| **Original Creditor:** | Continental Finance Company, Llc |
| **Current Creditor:** | CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC |
| **Reference ID Number:** | |
| **Current Balance:** | |

**Dear Jennifer Fisher,**

Please be advised that your account has been assigned to Atlantic Recovery Solutions, LLC. At this time you have an outstanding balance that is due in the amount of $889.89. Atlantic Recovery Solutions, LLC has been authorized to accept a payment plan on your Continental Finance Company, Llc/Surge Mastercard account. The balance has been arranged to be paid as follows:

| |
|---|
| You agree to pay $111.62 on 1/31/2022. |
| You agree to make 6 monthly payments of $111.62 beginning 2/28/2022. |
| You agree to pay $108.55 on 8/31/2022. |

Upon clearance of your payment for the balance in full, your account will be considered paid in full. This will release you from any further obligation on this account. *In order to modify or cancel a payment that you have placed on file with our company, you must contact us 24 hours prior to the day that the payment is scheduled to run. Effective August 1, 2020, there will be a convenience fee added to all credit card and ACH payments, not to exceed $5.00. This fee does not apply to residents of CA, CO, CT, FL, KS, ME, MA, NY, OK, and TX.*

If you have any questions or concerns please contact our office at 1-866-783-0237.

**This is an attempt to collect a debt, by a debt collector; any information will be used for that purpose. This is a communication from a debt collector.**

Sincerely,

*Patricia Smith*

Patricia Smith
Director of Operations
716-398-4385

Office Hours

Monday-Thursday 8:00am-7:00pm
Friday 8:00am -5:00pm